UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

SETH HERSHMAN,                      :
                                    :
     Plaintiff,                     :
                                    :
V.                                  :    NO. 3:13CV00594(RNC) OP
                                    :
MUHLENBERG COLLEGE,                 :
                                    :
     Defendant.                     :

RULING AND ORDER

Plaintiff, a citizen of Connecticut, brings this action
against his alma mater, Muhlenberg College, which is located in
Pennsylvania.  He seeks damages for an alleged violation of the
Americans with Disabilities Act and negligent infliction of
emotional distress.  The complaint alleges that Muhlenberg failed
to accommodate the plaintiff's depression in his senior year by
refusing to permit him to substitute a course required for his
major with one he had already taken and negligently caused him
emotional distress by placing an asterisk next to his name in the
graduation program indicating that he would not graduate on time.
Muhlenberg has filed a motion to dismiss for lack of personal
jurisdiction, improper venue and failure to state a claim.
Assuming without deciding that the defendant's Connecticut contacts
provide a colorable basis for long-arm jurisdiction under Conn.
Gen. Stat. § 33-929(f), the case must be dismissed because
exercising jurisdiction would violate due process.  Accordingly,
the motion to dismiss is granted in part and the case is dismissed
for lack of personal jurisdiction.

Analysis of personal jurisdiction involves a two-part inquiry: "First, [a district court] must determine whether the plaintiff has shown that the defendant is amenable to service of process under the forum state's laws; and second, it must assess whether the court's assertion of jurisdiction under these laws comports with the requirements of due process." Metro. Life Ins. Co. v. Robertson-Ceco Corp., 84 F.3d 560, 567 (2d Cir. 1996).

Both parties agree that the relevant long-arm statute is Conn. Gen. Stat. § 33-929(f), which provides, in relevant part:

> Every foreign corporation shall be subject to suit in
> this state, by a resident of this state ... whether or
> not such foreign corporation is transacting or has
> transacted business in this state ... on any cause of
> action arising ... out of any business solicited in
> this state by mail or otherwise if the corporation has
> repeatedly so solicited business, whether the orders or
> offers relating thereto were accepted within or without
> the state.

Though the statute uses the phrase "arising out of," it "does not require that the cause of action and the [defendants'] contacts [with this state] be causally connected." Thomason v. Chemical Bank, 234 Conn. 281, 292, 661 A.2d 595 (1995). The Connecticut Supreme Court has held that the requirements of this statute are satisfied if, "at the time the defendant engaged in solicitation in Connecticut, it was reasonably foreseeable that, as a result of that solicitation, the defendant could be sued in Connecticut by a

-2-

solicited person on a cause of action similar to that now being brought by the plaintiff."  Id. at 296.[1]

Muhlenberg argues that its recruitment activities are not solicitation of "business," and that there is a significant distinction between recruitment by educational institutions and commercial solicitation.  This argument has some force.  The statute refers to "orders or offers" relating to solicitation, and courts have pointed to the noncommercial nature of educational institutions as counseling against exercise of jurisdiction under similar long-arm statutes.  Severinsen v. Widener Univ., 338 N.J. Super. 42, 54, 768 A.2d 200, 206 (N.J. Super. Ct. App. Div. 2001) ("Although college recruitment activities certainly involve some elements of business activity, any impact on commerce in New Jersey is too remote to justify the exercise of general jurisdiction."); Hardnett v. Duquesne University, 897 F. Supp. 920, 924 (D. Md. 1995) ("Whatever argument might be made in favor of personal jurisdiction over nonforum commercial establishments that advertise for Maryland customers, the same cannot be said of a nonforum university."); cf. United States v. Lopez, 514 U.S. 549, 565-66

---

[1] Commercial advertising undertaken to entice Connecticut residents to visit the out-of-state location where the harm occurred may subject a defendant to service of process under the statute. See Mallon v. Walt Disney World Co., 42 F. Supp. 2d 143, 144 (D. Conn. 1998); MacCallum v. New York Yankees P'ship, 392 F. Supp. 2d 259, 265 (D. Conn. 2005); O'Brien v. Okemo Mountain, Inc., 17 F. Supp.2d 98, 101 (D. Conn. 1998); but see Delvecchio v. Dayton Hudson Corp., No. 430408, 2000 WL 254568 (Conn. Super. Ct. Feb. 23, 2000) (declining to follow Mallon where the defendant's national advertising campaign was not intended to entice a Connecticut resident to a chain retail store located in Florida, and where the chain had no presence in Connecticut).

(1995)(holding that interstate commerce does not encompass education and noting that "depending on the level of generality, any activity can be looked upon as commercial"). But cf. Powder Coating Consultants v. The Powder Coating Inst., 09CV200(WWE), 2010 WL 582613, at *3 (D. Conn. Feb. 16, 2010) (applying the statute to a nonprofit defendant). Even assuming it is not too great a stretch to apply the statute to nonprofit educational institutions whose contacts with the state have no commercial purpose, the action must be dismissed because exercising personal jurisdiction over the defendant would violate due process.

To satisfy due process requirements, a plaintiff must show that the court has either specific or general jurisdiction over the defendant. General jurisdiction exists when the defendant's contacts with the forum are "so 'continuous and systematic' as to render [it] essentially at home in the forum State." Goodyear Dunlop Tires Operations, S.A. v. Brown, 131 S. Ct. 2846, 2851, 2853-54 (2011). Though Muhlenberg regularly engages in recruiting and fundraising efforts in many states, it is not "essentially at home" anywhere except Pennsylvania, its state of incorporation, principal place of business, and site of its only campus. See Goodyear Dunlop, 131 S. Ct. at 2853-54; see also Gallant v. Trustees of Columbia University, 111 F. Supp. 2d 638, 641 (E.D. Pa. 2000) ("The plaintiff's theory sweeps too broadly, as it would render Columbia and any similar institution subject to general jurisdiction in most, if not all, states."). "Evidence that a university recruits or admits students from the forum state,

employs forum residents, receives revenue from the state in the form of tuition or fundraising, or has contacts with prospective students and alumni in the state is simply insufficient to support the exercise of general jurisdiction." Am. Univ. Sys., Inc. v. Am. Univ., 858 F. Supp. 2d 705, 714 (N.D. Tex. 2012) (citing cases). Muhlenberg maintains no staff, offices or physical presence in Connecticut.  Thus, general jurisdiction is clearly lacking.

With regard to specific jurisdiction, the question is whether the plaintiff has shown that his claims "arise[] out of or relate[] to" Muhlenberg's contacts in Connecticut. Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 (1984).  Unlike the Connecticut long-arm statute, the Due Process Clause imposes a causal requirement for specific jurisdiction. Chew v. Dietrich, 143 F.3d 24, 29 (2d Cir. 1998).  "In determining whether minimum contacts exist, a court looks to 'the relationship among the defendant, the forum, and the litigation.'  The court's focus should be whether the exercise of jurisdiction 'is reasonable under the circumstances of [the] particular case.'" Fort Knox Music Inc. v. Baptiste, 203 F.3d 193, 196-97 (2d Cir. 2000) (quoting Shaffer v. Heitner, 433 U.S. 186, 204 (1977)).  Jurisdiction does not always require proximate causation; instead, "the relatedness test is but a part of a general inquiry which is designed to determine whether the exercise of personal jurisdiction in a particular case does or does not offend 'traditional notions of fair play and substantial justice.'" Chew, 143 F.3d at 29 (quoting International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)).

-5-

Plaintiff argues that his claims can be traced to the activity of a Muhlenberg representative, who encouraged him to apply for admission when he was in high school in Connecticut.  However, plaintiff cannot show a substantial relationship between the recruiter's contact with him in Connecticut and the injuries he claims to have sustained at the college in Pennsylvania four years later as a result of its alleged failure to accommodate his disability and the asterisk next to his name in the graduation program.  Even assuming the recruiter's encouragement influenced the plaintiff to apply, the relationship among the defendant, the forum, and the litigation is too attenuated to satisfy the causal requirement for specific jurisdiction.

Other courts have declined to exercise jurisdiction over educational institutions when, as here, the defendant's contacts with the forum state were limited to recruitment, alumni relations, and other activities typical of colleges and universities that attract students from many states.  See Gehling v. St. George's School of Medicine, 773 F.2d 539, 544 (3d Cir. 1985); Am. Univ. Sys., Inc., 858 F. Supp. 2d at 714; Hardnett, 897 F. Supp. at 924; Cassell v. Loyola Univ., 294 F. Supp. 622, 624 (E.D. Tenn. 1968); Severinsen, 338 N.J. Super. at 54, 768 A.2d at 206.  Consistent with these cases, the Court concludes that exercising jurisdiction over Muhlenberg with regard to the claims in the complaint would be at odds with traditional notions of fair play and substantial

-6-

justice.[2]

Accordingly, the motion to dismiss for lack of personal jurisdiction is hereby granted.  The Clerk will enter judgment in favor of the defendant dismissing the action for lack of personal jurisdiction.[3]

So ordered this 4th day of November 2013.


_____/s/_____
Robert N. Chatigny
United States District Judge

---

[2]   Plaintiff relies on this Court's decision in <u>Mallon</u>.  In that case, however, there was a much closer nexus between Disney's solicitation of customers in the forum and the plaintiff's injuries and, as a result, the exercise of personal jurisdiction did not offend traditional notions of fair play and substantial justice.

[3]   If this Court had jurisdiction, it would be appropriate to transfer the case to Pennsylvania, the locus of operative facts, where all witnesses (except the plaintiff and his family) are located, beyond the reach of this Court's subpoena power.